IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 7, 2016

**KENNETH SHERRON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-15-347         Roy B. Morgan, Jr., Judge**
_____

**No. W2016-00515-CCA-R3-PC  -  Filed October 6, 2016**
_____


The Petitioner, Kenneth Sherron, pleaded guilty to facilitation of kidnapping. Thereafter, the Petitioner filed an untimely petition for post-conviction relief, and the post-conviction court summarily dismissed the petition as time-barred. The Petitioner appeals, asserting that the post-conviction court erred when it summarily dismissed the petition. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Kenneth Sherron.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Background**

On September 27, 2012, the Petitioner entered a best interest plea to facilitation of kidnapping and received a sentence of five years. On December 14, 2015, the Petitioner, pro se, filed a petition seeking post-conviction relief. The Petitioner claimed that his plea was unknowing and involuntary. Appointed counsel filed an amendment to the original petition on December 30, 2015, asserting that trial counsel had been ineffective and that the Petitioner's guilty plea was unknowing and involuntary. In response, the State filed a motion requesting to dismiss the petition as time-barred.

On March 10, 2016, the post-conviction court filed an order dismissing the petition with the following findings:

> The [P]etition[er] entered guilty pleas on September 27, 2012 with no appeal being taken and the present petition was not filed until December 14th, 2015. The issues raised by the [P]etitioner are not later arising as the petition clearly states that he advised his trial attorney of the matters but then pled guilty on the date the matter was set for trial. There is nothing in the petition that gives any justification for not raising the matters at a timely manner either pretrial or at the guilty plea hearing even though they were known to the [P]etitioner prior to the plea date. Line 11 of the petition clearly states that the [P]etitioner should offer some reason as to why the petition is not time barred if filed beyond the one year date. This line is left blank. At the hearing on the petition the [P]etitioner offered no evidence as to justify any tolling of the statute of limitations and none of the reasons for tolling the statute are applicable in this matter.

It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal, the Petitioner asserts that he is entitled to equitable tolling of the post-conviction statute of limitations because his attorney failed to notify him of post-conviction procedures. The State responds that the Petitioner has failed to show that he is entitled to due process tolling of the statute of limitations. We agree with the State.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2014). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the post-conviction court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b) (2012).

Tennessee Code Annotated section 40-30-102(b) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

2

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court has stated:

[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

*Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).

In the case under submission, the Petitioner was required to file his petition for post-conviction relief within one year of the date on which the judgment became final. *See* T.C.A. § 40-30-102(a) (2012). The Petitioner filed his petition on December 14, 2015. This filing occurred more than one year after the judgment became final, and thus, was barred by the statute of limitations. The Petitioner does not allege, nor do we find applicable, any of the statutory exceptions to the one-year statute of limitations. After reviewing the record and the Petitioner's claims, we conclude that the Petitioner has been "provided an opportunity for the presentation of claims at a meaningful time and in a

meaningful manner." *Burford*, 845 S.W.2d at 208. Therefore, due process does not require tolling of the statute of limitations. The post-conviction court properly dismissed the Petitioner's petition.

## III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4